## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| MEGAN SLONE,<br><br>Plaintiff,<br><br>vs.<br><br>AMAZON.COM SERVICES LLC,<br><br>Defendant. | Civil Action No.: _____<br><br><br>**NOTICE OF REMOVAL** |

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Amazon.com Services LLC (hereinafter "Amazon"), by and through its attorneys, Greenberg Traurig, LLP, hereby gives notice of removal of the above-captioned action from the Licking County, Ohio, Court of Common Pleas to the United States District Court for the Southern District of Ohio.  In support of this Notice of Removal, Defendant states as follows:

### PROCEDURAL BACKGROUND

1. On or about September 18, 2025, Plaintiff Megan Slone ("Plaintiff") filed a Complaint in the Licking County Court of Common Pleas ("State Court") against Amazon.com Services Inc. captioned *Megan Slone v. Amazon.com Services Inc.*, Case No.: 2025-CV-1478 ("State Court Action").  In the State Court Action, Plaintiff initially named "Amazon.com Services, Inc." as the defendant (as opposed to the correct defendant, Amazon.com Services LLC ("Amazon")).

2. On or about September 22, 2025, Plaintiff attempted to serve "Amazon.com Services, Inc." via certified mail at its facility in Etna, Ohio (otherwise known as "CMH1"). The certified mail receipt does not appear to be signed (it contains two parallel lines in lieu of a

1

signature) and it is unclear who, if anyone, received the mail. Regardless, the complaint was never routed to Amazon's legal department.

3. On or about November 14, 2025, Plaintiff filed a motion for a default judgment in the State Court Action.

4. On or about November 18, 2025, Amazon's registered agent, CSC Global, was served with Plaintiff's motion for a default judgment.

5. On or about November 20, 2025, the State Court granted Plaintiff's motion for a default judgment, ordering Plaintiff to submit a Judgment Entry within 14 days.

6. On or about December 4, 2025, Amazon (on behalf of Amazon.com Services, Inc.) entered a limited appearance in the State Court Action and filed an unopposed motion to vacate the default judgment on several bases, including because service was defective and because the wrong legal entity was named in the lawsuit.

7. On or about December 31, 2025, the State Court granted the unopposed motion and vacated the default judgment.

8. On or about January 5, 2026, Plaintiff filed an amended complaint in the State Court naming for the first time the correct legal entity, Amazon.com Services LLC, and dismissing Amazon.com Services, Inc. A true and correct copy of all filings made in the State Court Action, including the Amended Complaint, is attached hereto as **Exhibit A**.

9. Amazon accepted email service of the Amended Complaint on January 5, 2026. Accordingly, the Amended Complaint was properly served on Amazon on January 5, 2026.

10. Under rules applicable to the State Court Action, Amazon's responsive pleading to the Amended Complaint is due on or before January 20, 2026.

11. There have been no further proceedings in the State Court Action. A true and

2

correct copy of the State Court Docket is attached hereto as **Exhibit B**.

12. Amazon is filing this Notice of Removal within thirty (30) days of service of the Amended Complaint, which is the first pleading in which Amazon was named as a defendant. Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446(b). *See Freeman v. Blue Ridge Paper Prods., Inc.*, 551 F.3d 405, 409-10 (6th Cir. 2008) ("the time limit [for removal] begins to run from the actual and effective amendment of the complaint").

## **GROUNDS FOR REMOVAL**

13. Section 1441(a) of Title 28 of the United States Code provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

14. Federal district courts have original jurisdiction over all civil actions between citizens of different states where the matter in controversy exceeds $75,000. *See* 28 U.S.C. § 1332.

15. Defendant may remove this case to this Court in accordance with 28 U.S.C. §§ 1332 and 1441 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and because Defendant and Plaintiff are citizens of different states. *See* 28 U.S.C. § 1332.

**Citizenship**

16. "For diversity purposes, a person is a citizen of the state where . . . she is domiciled[.]" *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989).

17. Plaintiff's complaint alleges that she "is a natural person residing in Licking County, Ohio." *See* Compl., **Ex. A** at ¶ 1. This matches the information provided to Amazon during Plaintiff's employment at Amazon. *See* Declaration of Alex Haynes ("Haynes Decl."),

¶ 15.   Plaintiff is, therefore, a citizen of Ohio for purposes of diversity jurisdiction.

18.     Under 28 U.S.C. §1332(c)(1), a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  28 U.S.C. § 1332(c)(1).

19.     Amazon.com Sales, Inc. is the sole member and owner of Amazon.com Services LLC, and Amazon.com Sales, Inc.  Amazon.com Sales, Inc. is incorporated in Delaware and has its principal place of business in Washington.  *See* Declaration of Liz Hackett, ¶ 3-7.

20.     Amazon.com Services LLC is thus a citizen of Delaware and Washington because it is a limited liability company whose sole member, Amazon.com Sales, Inc., is incorporated in Delaware and has its principal place of business in Washington.  *V&M Star, LP v. Centimark Corporation*, 596 F.3d 354, 356 (6th Cir. 2010) (recognizing that LLCs have the citizenship of each partner or member).  Defendant Amazon.com Services LLC is now, and was at the time this action commenced, a citizen of a state other than the State of Ohio within the meaning of 28 U.S.C. § 1332(a).

21.     Accordingly, complete diversity of citizenship exists between Plaintiff and Defendant.

**Amount in Controversy[1]**

22.     In her Amended Complaint, Plaintiff places more than $75,000 in controversy and therefore the amount-in-controversy threshold of 28 U.S.C. § 1332(a) is satisfied.

23.     Removal based on diversity of citizenship is proper if the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  A "defendant's notice of removal need include only a

---

[1] This Notice of Removal relies on the nature and amount of damages that Plaintiff's Amended Complaint places in controversy.  Defendant refers to specific damage amounts and cites comparable cases solely to establish the amount in controversy exceeds the jurisdictional minimum.  Defendant maintains that Plaintiff's claims lack merit, and Defendant is not liable to Plaintiff for any amount whatsoever.

4

plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014).

24. In her Amended Complaint, Plaintiff seeks, *inter alia*, "actual damages in an amount to be determined at trial, which exceeds $25,000, and with the appropriate multiplier," "maximum economic, non-economic, actual, statutory (pursuant to Ohio Revised Code 4112), emotional, general, special, punitive, and other damages available," and "attorney fees with the appropriate multiplier plus costs and expenses of litigation." *See* Compl., **Ex. A**, Wherefore clause.

25. Plaintiff was terminated on or about February 13, 2024. *See* Compl., **Ex. A**, ¶ 21; Haynes Decl., **Ex. 1**.

26. At the time she was terminated, Plaintiff's hourly wage was $21.10 per hour. Haynes Decl., **Ex. 2**.

27. At the time she was terminated, Plaintiff was a regular full-time employee working approximately 40 hours per week. Haynes Decl., ¶ 14.

28. Making the extremely conservative assumption that this matter would come to trial within 18 months of the filing of the Amended Complaint (177 weeks after Plaintiff was terminated)[2] and assuming Plaintiff has not obtained, and does not in the interim obtain, alternative employment, Plaintiff will have incurred approximately $150,000 in economic damages (in the form of lost wages).

29. Additionally, in determining whether a complaint meets the $75,000 threshold of 28 U.S.C. §1332(a), a court must consider the aggregate value of the plaintiff's claims, including

---

[2] In this Court, for the most recent period for which statistics were available, the median time to trial for a civil action is 43.1 months from filing. See Table N/A—U.S. District Courts–Combined Civil and Criminal Federal Court Management Statistics (March 31, 2025), United States Courts (last accessed January 9, 2026).

those for compensatory and punitive damages. *See, e.g.*, *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount.") (footnote omitted); *Davis v. Kindred Nursing Centers East, L.L.C.*, No. 2:05-cv-1128, 2006 WL 508802, *2 (S.D. Ohio Mar. 2, 2006) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of rights being litigated") (internal citations omitted).

30. Plaintiff has requested compensatory damages. In the Sixth Circuit, a plaintiff who prevails in an employment discrimination suit has been awarded significant compensatory damages. *See Braun v. Ultimate Jetcharters, Inc.*, No. 5:12-cv-1635, 2014 U.S. Dist. LEXIS 103972, at *25 (N.D. Ohio July 30, 2014) (upholding jury's compensatory damages award of $72,500, and reasoning that even if the entire award was for emotional distress damages, the $72,500 award would not have been excessive); *Dye v. Bellsouth Telecommunications, Inc.*, 462 F. Supp. 2d 845, 850 (W.D. Tenn. 2006) (awarding $20,000 in compensatory damages for emotional distress in Title VII discrimination case).

31. Plaintiff has also requested an award of punitive damages. *See* Compl., **Ex. A**, Wherefore clause. Although Amazon denies that Plaintiff is entitled to punitive damages, if successful, Plaintiff's request for such damages is to be considered in determining the amount in controversy and brings it even further over the jurisdictional minimum. *See Hayes v. Equitable Energy Resources Co.*, 266 F.3d 560, 572 (6th Cir. 2001) (punitive damages must be considered when determining amount in controversy unless it is apparent to a legal certainty that they cannot be recovered). If successful, Plaintiff's punitive damages award could be substantial. *See, e.g.*, *West v. Tyson Foods, Inc.*, 374 F. App'x 624 (6th Cir. 2010) (upholding $300,000 punitive

6

damages award where an employee alleged claims of hostile work environment and sexual harassment).

32. A court must also consider a plaintiff's request for attorney's fees when evaluating the amount in controversy. *See Shupe v. Asplundh Tree Expert Co.*, 566 F. App'x 476, 480 (6th Cir. 2014) (finding that attorney's fees are considered when determining the amount in controversy); *see also Harrell v. Allstate Ins. Co.*, No. 1:11-CV-209, 2011 U.S. Dist. LEXIS 32600, at *9 (N.D. Ohio Mar. 28, 2011) ("Ohio law specifically contemplates that attorneys' fees may be awarded against a defendant who has been found liable for punitive damages.").

33. Plaintiff requests attorneys' fees, expenses, and costs. *See* Compl., **Ex. A**, Wherefore clause. Although Amazon denies that Plaintiff is entitled to attorneys' fees (or any other damages or relief), if successful, Plaintiff's request for attorneys' fees would push the amount in controversy even further over the jurisdictional minimum. To illustrate, in *Davis*, a single plaintiff discrimination case, the court found that the inclusion of potential attorneys' fees (along with potential punitive damages) established that the amount in controversy exceeded $75,000 where the plaintiff's annual compensation was between $10,000 and $15,000. 2006 WL 508802, at *2; *see also Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 (6th Cir. 2007) (holding that "the request for attorneys' fees properly placed this case within the purview of federal jurisdiction"). As with punitive damages, attorneys' fees alone could meet the jurisdictional amount in controversy if this case proceeds through trial.

34. In total, Plaintiff's sought-after damages, including her request for punitive damages, and attorney's fees far exceed the $75,000 amount in controversy requirement.

35. Therefore, the total amount in controversy exceeds $75,000 based on the claims and the damages Plaintiff seeks.

36. Accordingly, because the parties are diverse and because the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, this action is properly removed on diversity grounds under 28 U.S.C. § 1441.

## **ALL OTHER REMOVAL PREREQUISITES HAVE BEEN SATISFIED**

37. As established above, in accordance with 28 U.S.C. § 1446(b), this Notice of Removal is timely.

38. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1441(a) because the United States District Court for the Southern District of Ohio, Eastern Division, in Columbus, is the federal judicial district embracing the Licking County Court of Common Pleas, where Plaintiff originally filed this action, and a substantial part of the alleged events giving rise to Plaintiff's claims are alleged to have occurred in this judicial district.  *See generally* Compl., **Ex. A**.

39. In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be served on Plaintiff, and a copy of the Notice of Removal will be filed with the Clerk of the Licking County Court of Common Pleas, where the suit has been pending.  A true and correct copy of Defendant's Notice of Filing Notice of Removal of Civil Action to U.S. District Court and certificate of service is attached hereto as **Exhibit C.**

40. WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441, and in conformity with the requirements set forth in 28 U.S.C. § 1446, Defendant hereby removes this action to the United States District Court for the Southern District of Ohio and respectfully requests that the Licking County Court of Common Pleas proceed no further with respect to this case in accordance with 28 U.S.C. § 1446.

Dated:  January 20, 2026

Respectfully submitted,

**GREENBERG TRAURIG, LLP**

*/s/ Alicia M. Chiu*
Alicia M. Chiu (78035)
450 South Orange Avenue, Suite 650
Orlando, FL 32801
alicia.chiu@gtlaw.com
Phone: 407-254-2645

*Attorneys for Defendant Amazon.com Services LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of January, 2026, a true and correct copy of the foregoing Notice of Removal has been served on the party listed below via First Class Mail and email:

> Michael W. DeWitt
> DeWitt Law, LLC
> 4182 Worth Avenue
> Columbus, Ohio 43219
> mdewitt@dewittlawcom.com
> *Attorney for Plaintiff*

Dated:  January 20, 2026             */s/ Alicia M. Chiu*
                                      Alicia M. Chiu